UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER W., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 1805 <br><br> Magistrate Judge McShain |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer W. appeals the Commissioner of Social Security's decision denying her application for benefits. For the following reasons, plaintiff's motion to reverse or remand [23] is granted, defendant's motion for summary judgment [32] is denied, and the case is remanded for further administrative proceedings.[1]

**Background**

In September 2018, plaintiff filed an application for supplemental security income with an alleged onset date of August 25, 2018. [15-1] 16. The claim was denied initially, on reconsideration, and after a hearing before an administrative law judge (ALJ). [*Id.*] 44-70, 82-92, 95-104. The Appeals Council denied review in February 2021, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction over the appeal pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's disability claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. [15-1] 18. At step two, the ALJ ruled that plaintiff had one severe impairment: depression. [*Id.*] 18-19. At step three, the ALJ determined that plaintiff's impairment did not meet or equal the severity of a listed impairment. [*Id.*] 19-21.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [15-1, 15-2], which refer to the page numbers in the bottom right corner of each page.
[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [17, 18].

Before turning to step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform medium work with no limitations in her ability to sit, stand, or walk. [*Id.*] 21-26. At step four, the ALJ found that plaintiff had no past relevant work. [*Id.*] 26. At step five, the ALJ found that jobs existed in significant numbers in the national economy that plaintiff could perform, such as cleaner II (754,000 jobs in the national economy). The ALJ therefore ruled that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ erred in evaluating the opinion of Dr. Charles Schubert, a vascular surgeon who began treating plaintiff in January 2020 in connection with her varicose veins. [23] 3-6.

The record reflects that plaintiff was found to have varicose veins in both legs, with associated pain, in early 2020. *See, e.g.*, [15-1] 566 (documenting bilateral venous valvular incompetence at February 5, 2020 exam); [*id.*] 72 (Dr. Schubert assessing plaintiff with varicose veins of bilateral lower extremities at March 2020 appointment). Plaintiff was initially instructed to wear compression socks and elevate her legs, but her pain did not abate. [*Id.*] 81. At a March 11, 2020 appointment with Dr. Schubert, plaintiff reported that "her left leg gives her a lot of pain." [*Id.*] 74. At the hearing, which took place in July 2020, plaintiff testified that she was due for surgery with Dr. Schubert, who planned to remove the "vertical veins in [her] legs" [*id.*] 61, but the surgery "did not occur because of the coronavirus pandemic." [*Id.*] 26.

Dr. Schubert completed a treating source statement in June 2020 in which he opined, *inter alia*, that plaintiff (1) would be off-task for 15% of the workday due to the symptoms of her varicose veins and lymphedema, (2) would be absent from work three days per month, (3) required the option to sit/stand at will, (4) should elevate her legs while sitting, and (5) should rarely kneel, crouch, or crawl as "too much use of legs may make pain and swelling worse." [15-2] 757-60. The ALJ rejected

2

Dr. Schubert's opinions because nothing in the record suggested that "the limitations opined by Dr. Schubert would result in functional limitation lasting for a continuous twelve-month period":

> I have considered the statement by Dr. Charles B. Schubert dated June 18, 2020. Dr. Schubert indicated that he is a vascular surgeon and began providing treatment to the claimant in January 2020 for varicose veins . . . I acknowledge that the claimant testified that she was supposed to have varicose veins surgically removed but this did not occur because of the coronavirus pandemic. The claimant testified that her varicose veins are a more recent condition. Nonetheless, there is nothing in the record to support that the limitations opined by Dr. Schubert would result in functional limitations lasting for a continuous 12-month period.

[*Id.*] 26.

The ALJ erred by rejecting Dr. Schubert's opinion on the ground that no evidence established that the limitations he identified would last for a continuous twelve-month period.[3] Whether an impairment has lasted or can be expected to last for a continuous twelve-month period is relevant to determining if the impairment meets the durational component of a "severe" impairment. *See* 42 U.S.C. § 423(d)(1)(A) (a severe impairment must have lasted or be expected to last for a continuous twelve-month period); 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or be expected to last for a continuous period of at least twelve months. We call this the durational requirement."). "But there is no durational requirement that must be met before a non-severe impairment may be considered in the RFC." *Jilian H. v. Kijakazi*, No. 20-cv-6489, 2022 WL 4554451, at \*4 (N.D. Ill. Sept. 29, 2022). To the contrary, in formulating a claimant's RFC, "the ALJ must consider in combination all limitations on a claimant's ability to work, including those that are not individually severe." *Rebecca B. v. O'Malley*, Case No. 23 C 295, 2024 WL 989296, at \*2 (N.D. Ill. Mar. 7, 2024); *see also Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (same). Accordingly, even assuming *arguendo* that the ALJ reasonably determined that plaintiff's varicose veins did not meet the durational requirement, that finding "d[id] not free [the] ALJ from his . . . duty to consider all impairments (including non-severe impairments) in making a finding on the claimant's RFC." *Blanchard v. Berryhill*, No. 16 C 2117, 2017 WL 5191846, at \*2 (N.D. Ill. Nov. 9, 2017). Because the ALJ rejected Dr. Schubert's opinion based solely on his finding that the durational requirement was not met, the ALJ's decision is not supported by substantial evidence. *See Denton*, 596 F.3d at 423 ("A failure to fully consider the impact of non-severe impairments requires reversal.").[4]

---

[3] Because this issue is dispositive, the Court does not reach plaintiff's other arguments for reversing and remanding.

[4] The Commissioner has not raised a harmless error argument, so any such argument is forfeited. *See James M. v. Kijakazi*, No. 20 CV 2082, 2023 WL 3652862, at \*7 n.6 (N.D. Ill.

Finally, the ALJ's mishandling of Dr. Schubert's opinion is relevant to another of plaintiff's grounds for reversing and remanding. Plaintiff contends that the ALJ erred by failing to accommodate her purported need to alternate between standing and sitting every half-hour. [23] 9-11. As plaintiff observes, the ALJ asked the vocational expert (VE) whether a claimant who needed to alternate between standing and sitting every thirty minutes, including a one-to-two-minute period of sitting, was capable of working, and the VE testified that such a limitation would preclude all medium work. [15-1] 64. However, the ALJ did not address that testimony (or plaintiff's claimed need for such a restriction) in his decision. The Court agrees with the Commissioner that, as a general matter, the ALJ's failure to discuss a hypothetical limitation that he raised with the VE does not, standing alone, warrant remand. *See, e.g.*, *Heather S. v. O'Malley*, No. 22 CV 1432, 2024 WL 2088178, at *4 (N.D. Ill. May 9, 2024). Remand is warranted only when the ALJ fails to properly address or account for record evidence that relates to or provides apparent support for the limitation at issue in a hypothetical posed to the VE. *See Jolene C. v. Saul*, No. 20 C 50219, 2021 WL 2156426, at *6 (N.D. Ill. May 27, 2021) ("Rather, in the cases Plaintiff cites, the courts found that the ALJ erred in failing to discuss VE testimony about a functional limitation that would have been work-preclusive because the ALJ failed to properly account for the evidence in the record relating to that limitation."). Here, Dr. Schubert's opinion that plaintiff required an option to change positions at will obviously relates to the ALJ's hypothetical, but the ALJ improperly rejected Dr. Schubert's opinion without considering whether it supported the limitation reflected in the hypothetical that the ALJ posed to the VE. The ALJ must revisit this issue on remand.

## Conclusion

Plaintiff's motion to reverse and remand [23] is granted and defendant's motion for summary judgment [32] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 6, 2024**

---

May 25, 2023)