UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER W., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN J. O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 1805 <br><br> Magistrate Judge McShain |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's motion under Fed. R. Civ. P. 59(e) to alter or amend judgment. [42].[1] The motion is fully briefed. [44, 45]. For the following reasons, the motion is denied.

"A Rule 59(e) motion can be granted only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Barrington Music Prods., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th Cir. 2019) (internal quotation marks omitted). "A manifest error is not demonstrated by the disappointment of the losing party;" instead, it "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). "Relief under Rule 59(e) is an extraordinary remedy that should only be granted in rare cases." *Cynthia Q. v. O'Malley*, Case No. 3:22-cv-50401, 2024 WL 3328261, at *1 (N.D. Ill. July 8, 2024).

In this case, the Court reversed the decision denying benefits and remanded for further proceedings after concluding that the ALJ erred by rejecting the opinion of plaintiff's treater, Dr. Charles Schubert, that her varicose veins (which the ALJ found to be a non-severe impairment) caused multiple functional limitations. [40] 3-4. The ALJ refused to consider Schubert's opinion because there was "nothing in the record to support that the limitations opined by Dr. Schubert would result in functional limitations lasting for a continuous 12-month period." [15-1] 26. As the Court explained:

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [15-1], which refer to the page numbers in the bottom right corner of each page.

> The ALJ erred by rejecting Dr. Schubert's opinion on the ground that no evidence established that the limitations he identified would last for a continuous twelve-month period. Whether an impairment has lasted or can be expected to last for a continuous twelve-month period is relevant to determining if the impairment meets the durational component of a "severe" impairment. *See* 42 U.S.C. § 423(d)(1)(A) (a severe impairment must have lasted or be expected to last for a continuous twelve-month period); 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or be expected to last for a continuous period of at least twelve months. We call this the durational requirement."). "But there is no durational requirement that must be met before a non-severe impairment may be considered in the RFC." *Jilian H. v. Kijakazi*, No. 20-cv-6489, 2022 WL 4554451, at *4 (N.D. Ill. Sept. 29, 2022). To the contrary, in formulating a claimant's RFC, "the ALJ must consider in combination all limitations on a claimant's ability to work, including those that are not individually severe." *Rebecca B. v. O'Malley*, Case No. 23 C 295, 2024 WL 989296, at *2 (N.D. Ill. Mar. 7, 2024); *see also Denton v. Astrue*, 596 F.3d 419, 423 (7th Cir. 2010) (same). Accordingly, even assuming *arguendo* that the ALJ reasonably determined that plaintiff's varicose veins did not meet the durational requirement, that finding "d[id] not free [the] ALJ from his . . . duty to consider all impairments (including non-severe impairments) in making a finding on the claimant's RFC." *Blanchard v. Berryhill*, No. 16 C 2117, 2017 WL 5191846, at *2 (N.D. Ill. Nov. 9, 2017). Because the ALJ rejected Dr. Schubert's opinion based solely on his finding that the durational requirement was not met, the ALJ's decision is not supported by substantial evidence. *See Denton*, 596 F.3d at 423 ("A failure to fully consider the impact of non-severe impairments requires reversal.").

[40] 3 (footnotes omitted).

The Commissioner argues that the Court manifestly erred because ALJs are not required to consider–and in fact cannot consider–the functional impact of an impairment that, like plaintiff's varicose veins, did not meet the duration requirement. [40] 2. In support, the Commissioner relies on Social Security Ruling 23-1p, which provides that, "[b]ecause of the duration requirement, we will not consider an MDI [medically determinable impairment] that completely resolves in less than 12 months after step two of the sequential evaluation process." SSR 23-1p, 2023 WL 8236247, at *4 (Nov. 7, 2023). The Commissioner also points to several other regulations that, in his view, establish that an impairment that does not meet the duration requirement may not be considered in determining a claimant's residual functional capacity. *See* [42] 2-3. The Commissioner accordingly maintains that, because plaintiff's varicose veins did not meet the duration requirement, the ALJ properly discounted Dr. Schubert's opinion.

After reviewing its decision in light of the parties' initial briefs and the briefing on the Rule 59(e) motion, the Court rejects the Commissioner's argument that its decision rests on a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606. Most importantly, the Commissioner has not identified any controlling precedent or authority that is contrary to the Court's decision. Social Security Ruling 23-1p, on which the Commissioner primarily relies, did not take effect until November 2023–nearly three-and-a-half years after the hearing in this case occurred and more than a year-and-a-half after the briefing in this case concluded. *See* SSR 23-1p, 2023 WL 8236247, at *1; *see also Leonard v. O'Malley*, No. 5:22-CV-514-D-BM, 2024 WL 832379, at *3 (E.D.N.C. Feb. 6, 2024) (holding that SSR 23-1p did not apply in case where ALJ issued decision before SSR 23-1p's effective date). Because SSR 23-1p was not in effect when the ALJ issued his decision in this case, the Court did not manifestly err in finding that the ALJ's handling of Dr. Schubert's opinion warranted a remand.

Furthermore, the Court relied on two cases from the Northern District of Illinois that also held that an ALJ must consider the functional restrictions caused by a non-severe impairment that does not meet the duration requirement. *See Jilian H. v. Kijakazi*, No. 20-cv-6489, 2022 WL 4554451, at *4 (N.D. Ill. Sept. 29, 2022) ("At multiple points in her analysis, the ALJ explained that she found no evidence of an impairment that would last 12 continuous months. But there is no durational requirement that must be met before a non-severe impairment may be considered in the RFC.") (internal quotation marks and citation omitted); *Blanchard v. Berryhill*, No. 16 C 2117, 2017 WL 5191846, at *2 (N.D. Ill. Nov. 9, 2017) ("[T]he durational requirement does not free an ALJ from his or her duty to consider all impairments (including non-severe impairments) in making a finding on the claimant's RFC. From the Court's review, the durational requirements cited by the Commissioner only concern whether the claimant's condition can rise to the level of a severe impairment that would permit a finding that the claimant is disabled, as defined in the Social Security Act. The Court has found no such durational requirements for non-severe impairments.") (footnote omitted). The Commissioner's Rule 59(e) briefs have not identified any Seventh Circuit case that has overruled or undermined either decision, nor any case from within the Circuit that questioned or disagreed with *Jilian H.* or *Blanchard*. This is further evidence that the Court's decision–even if inconsistent with SSR 23-1p, which, again, was inapplicable in this case–was not manifestly erroneous.

Nor do the other statutes and regulations cited by the Commissioner require the Court to alter its judgment. *See* [42] 3. None of these provisions (two of which the Court cited in its decision, *see* [40] 3) clearly addresses the specific issue raised by this case: whether an ALJ errs by refusing to consider an opinion that a claimant's impairment causes significant functional restrictions solely because there is insufficient evidence that the impairment has lasted or will last at least twelve continuous months. Rather, as shown below, these provisions simply define the

3

duration requirement without addressing whether, in a case like this one–where plaintiff suffered from one severe impairment that met the duration requirement (depression) and a non-severe impairment that did not (varicose veins)–the ALJ can or must consider opinion evidence relating to the latter impairment. *See* SSR 82-52, 1982 WL 31376, at *1 (Jan. 1, 1982) ("In considering 'duration,' it is the inability to engage in SGA [substantial gainful activity] because of the impairment that must last the required 12-month period."); 42 U.S.C. § 423(d)(1)(A) (defining "disability" as inability to perform SGA because of "any medically determinable physical or mental impairment" that lasts or is expected to last at least 12 months); 20 C.F.R. § 416.909 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months."); 20 C.F.R. § 416.920(a)(4)(ii) (claimant will be found not disabled "[i]f you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement"); 20 C.F.R. 416.923(a) ("We cannot combine two or more unrelated severe impairments to meet the 12-month duration test. If you have a severe impairment(s) and then develop another severe impairment(s) but neither one is expected to last for 12 months, we cannot find you disabled, even though the two impairments in combination last for 12 months.").

Finally, the Court rejects the Commissioner's argument that plaintiff's opening brief "limited her argument to insisting that the ALJ had no authority to make a finding of duration" and the implicit corollary that the Court injected this issue into the case, thereby depriving the Commissioner of a fair opportunity to address the issue on which the Court remanded. *See* [42] 2.

The Court agrees that the thrust of plaintiff's argument in her opening brief was that substantial evidence did not support the ALJ's determination that her varicose veins did not meet the duration requirement. *See* [23] 3-6. But the Commissioner's response brief went beyond the narrow counterargument that substantial evidence supported the ALJ's duration finding. The Commissioner argued more broadly that plaintiff had "the burden of proving that her varicose veins were indeed *a severe impairment causing disabling functional limitations for a period of at least 12 months*, and the ALJ reasonably found she did not." [33] 12 (emphasis added); *see also* [*id.*] 13 (arguing that it was plaintiff's burden "to prove that the impairment is severe"). The Commissioner continued with this theme, arguing not only that the evidence was insufficient to prove that the varicose veins met the duration requirement, but also that there was no evidence that the "varicose veins were a *severe impairment*[.]" [*Id.*] 13 (emphasis added). The Court understood the Commissioner to be arguing that the opinion evidence relating to plaintiff's varicose veins was immaterial because plaintiff had not proved that this condition was a severe impairment, and plaintiff apparently understood the Commissioner to be making this argument. In her reply brief, plaintiff contended that the ALJ "must consider [the] combined impact of all impairments, even those that are non-severe,"

4

in formulating the RFC. [34] 4. In the Court's view, the parties' briefing fairly presented the question on which the Court ordered a remand: whether the ALJ could reject Dr. Schubert's opinion that a non-severe impairment caused work-related functional limitations solely because it did not meet the duration requirement. Thus, while the Court agrees with the Commissioner that this is not a case where he forfeited the argument on which he seeks reconsideration, the Court also concludes that the Commissioner had an ample opportunity to address the issue that led the Court to order a remand.[2]

## Conclusion

Defendant's motion to alter or amend judgment [42] is denied.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: November 15, 2024**

---

[2] This is especially true given the Commissioner's argument that the ALJ "more than minimally articulated his reasoning, explaining that the evidence did not show that her varicose veins caused any level of exertional limitation for at least 12 months as required[.]" [33] 15. The Commissioner could have cited legal authority to support this argument, such as a case or regulation embodying the principle now reflected in SSR 23-1p, but he did not do so.